789 So.2d 978 (2001)
Adam DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. SC00-313.
Supreme Court of Florida.
July 12, 2001.
*979 James Marion Moorman, Public Defender, and Robert F. Moeller, Assistant Public Defender, Tenth Judicial Circuit, Bartow, FL, for Appellant.
Robert A. Butterworth, Attorney General, and Candance Sabella, Assistant Attorney General, Tampa, FL, for Appellee.
PER CURIAM.
We have on appeal a first-degree murder conviction and attendant death sentence. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. Appellant Adam Davis has filed with this Court a pro se motion to dismiss his appellate counsel. We strike the pro se filing.
We issue this interlocutory opinion in order to state this Court's procedure in respect to pro se filings of papers in direct appeals of capital cases. We hold that we will not accept pro se filings in which there are claims of ineffective assistance of appellate counsel, requests to dismiss appellate counsel, or which supplement bases *980 for relief from appellants on direct appeal of a death sentence.
Robert F. Moeller, an assistant public defender, is representing appellant on the appeal of Davis's conviction for capital murder and death sentence. On January 11, 2001, Davis filed in this Court a pro se "Motion to Dismiss Counsel." In that motion, Davis alleges that his appellate counsel is ineffective in not pursuing the appeal with sufficient due diligence and in failing to keep Davis notified of the status of the appeal. In his pro se motion, Davis further alleges that appellate counsel's ineffectiveness is depriving Davis of due process and equal protection under the federal and Florida constitutions.
At the time Davis filed his pro se motion, appellate counsel was preparing to file the initial brief in this matter. As a direct result of Davis's pro se filing, appellate counsel did not file the initial brief. Instead, appellate counsel filed a motion for an extension of time, arguing that appellate counsel should not file the initial brief in this matter while Davis's pro se discharge motion was pending.[1] The issue before us is whether we will accept Davis's pro se filing even though he is represented by counsel.
The issue of whether a defendant has a federal constitutional right of self-representation at trial was decided in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In Faretta, the United States Supreme Court held that implicit in the Sixth Amendment was the right to defend oneself at trial under certain circumstances. See id. at 836, 95 S.Ct. 2525. However, the extension of this implicit right to appellate proceedings occurring as a matter of right has been debated for the last quarter century. Compare Myers v. Collins, 8 F.3d 249, 252 (5th Cir.1993) (finding right of self-representation extends to appeals), with United States v. Gillis, 773 F.2d 549, 560 (4th Cir.1985) (finding no right of self-representation extending to appeals).
The Supreme Court recently clarified that a convicted defendant does not have a federal constitutional right of self-representation on an initial appeal of right. See Martinez v. Court of Appeal of California, 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000). At issue in Martinez was a California appellate court's denial of appellant Martinez's pro se motion to discharge his appellate counsel and proceed pro se. See id. at 155, 120 S.Ct. 684. The Court affirmed the California court, explaining that the rationale underlying the Faretta decision, and hence the Sixth Amendment itself, did not apply to appellate proceedings. See id. at 160-61, 120 S.Ct. 684. The Court then indicated that if there is any such right of self-representation in appellate proceedings, such a right would have to be grounded in the Due Process Clause. See id. at 161, 120 S.Ct. 684. The Court then dismissed that notion, writing, "we are entirely unpersuaded that the risk of either disloyalty or suspicion of disloyalty is a sufficient concern to conclude that a constitutional right of self-representation is a necessary component of a fair appellate proceeding." Id.
The Court in Martinez left to the States the ability to find a right of self-representation on appeal under the state constitution. See Martinez, 528 U.S. at 163, 120 S.Ct. 684. The Court commented:

*981 Our holding is, of course, narrow. It does not preclude the States from recognizing such a right under their own constitutions. Its impact on the law will be minimal, because a lay appellant's rights to participate in appellate proceedings have long been limited by the well-established conclusions that [appellant] has no right to be present during appellate proceedings, or to present oral argument. Meanwhile the rules governing appeals in California, and presumably those in other States as well, seem to protect the ability of indigent litigants to make pro se filings. In requiring Martinez, under these circumstances, to accept against his will a state-appointed attorney, the California courts have not deprived him of a constitutional right.
Martinez, 528 U.S. at 163-64, 120 S.Ct. 684 (citations omitted). Regarding the existence of such a state constitutional right, we previously have rejected requests by appellants sentenced to death to conduct their own direct appeal and, in doing so, implicitly acknowledged that no such right exists in Florida. See Klokoc v. State, 589 So.2d 219, 221-22 (Fla.1991). We make that practice explicit today, holding that in Florida there is no state constitutional right to proceed pro se in direct appeals in capital cases.
An appellant has a right to effective assistance of appellate counsel in a direct appeal of a capital case and has an opportunity to present claims of appellate counsel's ineffectiveness in state habeas corpus proceedings. See, e.g., Rutherford v. Moore, 774 So.2d 637, 643 (Fla.2000) ("Habeas petitions are the proper vehicle to advance claims of ineffective assistance of appellate counsel."). We conclude that under our procedures, any claim concerning the effectiveness of appellate counsel must be advanced through the habeas corpus proceeding and not by pro se filings in the direct appeal.[2]
The decision to allow a convicted defendant the ability to proceed pro se in appellate proceedings is vested in the sound discretion of the appellate court. See Hooks v. State, 253 So.2d 424, 427 (Fla.1971), cert. denied, 405 U.S. 1044, 92 S.Ct. 1330, 31 L.Ed.2d 587 (1972). Also vested in the sound discretion of an appellate court is the decision whether to accept pro se filings. See Hill v. State, 656 So.2d 1271, 1272 (Fla.1995). We have in isolated instances exercised our discretion to accept pro se filings in direct appeal cases where the represented appellant has been sentenced to death. See id. (accepting pro se brief in lieu of request to proceed pro se); Klokoc v. State, 589 So.2d at 221-22 (accepting pro se filing to allow appellant to argue why the death penalty should be imposed upon him). However, those occasions occurred prior to the Supreme Court's holding in Martinez. We presently are receiving an increase in pro se filings in direct appeals in capital cases and find that it is appropriate to announce a consistent procedure in these cases. Pro se filings in direct appeals of capital cases in which there are claims of ineffective assistance of appellate counsel, requests to dismiss appellate counsel, or which supplement bases for relief will be docketed and then stricken.[3]
Accordingly, Davis's pro se motion is stricken. No motion for rehearing of this opinion will be allowed.
It is so ordered.
*982 WELLS, C.J., and SHAW, HARDING, LEWIS, and QUINCE, JJ., concur.
ANSTEAD, J., concurs in part and dissents in part with an opinion, with which PARIENTE, J., concurs.
ANSTEAD, J., concurring in part and dissenting in part.
While I am in general agreement with a rule that prohibits both the defendant pro se and his assigned counsel from advocating the appellant's appeal, I am not certain that a rigid no-exception prohibition on pro se filings in this Court and the trial court during an appeal is the wise course. In this case, for example, by separate order, we are simultaneously granting appellate counsel's motion to withdraw at the same time we are acting here to bar appellant from complaining about his counsel's representation. Further, we have also acted, of course, in numerous instances, to allow capital defendants to file pro se requests to discharge counsel and to waive their rights to continue attacks on their convictions or sentences.
The Legislature has recently explicitly charged the courts with the responsibility of monitoring counsel's performance in capital cases to be certain capital defendants are receiving competent services. Obviously, that effort will be hampered by a blanket ban on pro se filings. Indeed, we have issued several opinions criticizing counsel's conduct based not only upon our observations but also on pro se communications filed with the Court. Of course, courts have traditionally been charged with responding to legitimate complaints from defendants about the conduct of appointed counsel. In most instances, this process serves to resolve problems as they arise, such as simple problems of communication, rather than allowing small problems to become big ones later in the process. We have also allowed capital defendants in limited instances to file pro se supplemental briefs in addition to the briefs filed by appellate counsel.
In conclusion, I am in agreement that appeals should be prosecuted through the services of counsel, and it should be the rare case where we will allow supplemental pro se filings. There should be a single voice advocating on appeal, and when a defendant is represented by counsel that single voice should be counsel's voice. However, we should not adopt a blanket policy prohibiting any pro se communication with the Court. Rather, we should continue with our policy of evaluating these filings on a case-by-case basis.
PARIENTE, J., concurs.
NOTES
[1] By order dated April 16, 2001, we granted appellant's counsel's motion for an extension of time but directed appellate counsel to file the initial brief in this matter on or before May 18, 2001. In that order, we indicated that this opinion would follow regarding pro se filings in capital cases.
[2] Postconviction capital defendants are represented by postconviction counsel pursuant to sections 27.7001-27.711, Florida Statutes (2000).
[3] This holding does not prohibit an appellant who does not wish to pursue an appeal from submitting a pro se filing setting forth the reasons he or she does not want to pursue the appeal.