PER CURIAM.
Robert Gordon, a prisoner under sentence of death, appealed from a circuit court order denying postconviction relief in this capital case. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. Prior to the filing of the initial brief, Gordon filed a motion to discharge appellate counsel and proceed pro se in this appeal from the denial of his successive motion for postcon-viction relief. His appellate counsel has filed a motion for leave to withdraw as counsel for appellant. For the reasons set *201 forth below, both motions are hereby denied.
We issue this interlocutory opinion in order to set forth the Court’s procedure regarding the issue of pro se representation by appellants in capital postconviction appeals. Just as we previously held as to direct appeals in capital cases in Davis v. State, 789 So.2d 978, 979 (Fla.2001), we hold that death-sentenced appellants may not proceed pro se in any postconviction appeals.
Gordon, who was granted leave to appear pro se in the successive postconviction proceeding in circuit court, filed a pro se notice of appeal from the summary denial of relief in this Court. We temporarily relinquished jurisdiction for the trial court to offer appointed appellate counsel to Gordon, and counsel was then appointed to represent him in this appeal. Shortly before the initial brief was to be filed in this Court, Gordon filed a motion to discharge counsel and represent himself in this postconviction appeal. An order was entered directing appellate counsel to file a response to Gordon’s motion, and counsel responded with a motion for leave to withdraw.[1] We now address the issue of whether Gordon has a constitutional right to appear pro se in this appeal and, even if he does not, whether we should allow him to do so.
We previously held in Davis that a prisoner under sentence of death has no constitutional right to represent himself in the direct appeal of his conviction and sentence. See Davis, 789 So.2d at 979-80. There, we explained:
The Supreme Court recently clarified that a convicted defendant does not have a federal constitutional right of self-representation on an initial appeal of right. See Martinez v. Court of Appeal of California, 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000). At issue in Martinez was a California appellate court’s denial of appellant Martinez’s pro se motion to discharge his appellate counsel and proceed pro se. See id. at 155, 120 S.Ct. 684. The Court affirmed the California court, explaining that the rationale underlying the Faretta decision, and hence the Sixth Amendment itself, did not apply to appellate proceedings. See id. at 160-61, 120 S.Ct. 684. The Court then indicated that if there is any such right of self-representation in appellate proceedings, such a right would have to be grounded in the Due Process Clause. See id. at 161, 120 S.Ct. 684. The Court then dismissed that notion, writing, “we are entirely unpersuaded that the risk of either disloyalty or suspicion of disloyalty is a sufficient concern to conclude that a constitutional right of self-representation is a necessary component of a fair appellate proceeding.” Id.
The Court in Martinez left to the States the ability to find a right of self-representation on appeal under the state constitution. See Martinez, 528 U.S. at 163, 120 S.Ct. 684- Regarding the existence of such a state constitutional right, we previously have rejected requests by appellants sentenced to death to conduct their own direct appeal and, in doing so, implicitly acknowledged that no such right exists in Florida. See Klokoc v. State, 589 So.2d 219, 221-22 (Fla.1991). We make that practice explicit today, holding that in Florida there is no state constitutional right to proceed pro se in direct appeals in capital cases.
*202 Id. at 980-81. Based on the authorities cited, including the United States Supreme Court’s holding that there is no federal constitutional right to proceed pro se on appeal, we concluded in Davis that there is also no state constitutional right to self-representation on direct appeal. See id. Thus, “[t]he decision to allow a convicted defendant the ability to proceed pro se in appellate proceedings is vested in the sound discretion of the appellate court.” Id. at 981. Exercising our sound discretion, we held in Davis that death-sentenced appellants may not appear pro se in direct appeal proceedings. See id. For the same reasons expressed in Davis, and based on the same authorities, we conclude that death-sentenced appellants do not have a federal or state constitutional right to proceed pro se in appeals from postcon-viction proceedings. We also exercise our sound discretion and make explicit our holding that Gordon and other death-sentenced appellants may not appear pro se in any postconviction appeals.
We recognize that “we have a constitutional responsibility to ensure the death penalty is administered in a fair, consistent and reliable manner, as well as having an administrative responsibility to work to minimize the delays inherent in the postconviction process.” Arbelaez v. Butterworth, 738 So.2d 326, 326-27 (Fla.1999); see also Fla. Dep’t of Corrections v. Watts, 800 So.2d 225, 232-33 (Fla.2001) (same) (quoting Arbelaez, 738 So.2d at 326-27). This responsibility arises in part from the United States Supreme Court’s “insistence that capital punishment be imposed fairly, and with reasonable consistency, or not at all.” Eddings v. Oklahoma, 455 U.S. 104, 112, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982). These principles are best served in the capital postconviction appellate context when death-sentenced appellants are represented by counsel. As Justice Anstead pointed out in his special concurrence in Arbelaez, “we have in fact consistently refused to permit a death-sentenced defendant to be executed without attorney-assisted collateral review of the original trial proceedings.” 738 So.2d at 329 (Anstead, J., specially concurring). Justice Anstead’s further observations in Arbelaez are also appropriate considerations in the question now before the Court, which is whether to require counsel in postconviction appeals. He noted in Arbelaez:
This Court has also recognized that “since the state of Florida enforces the death penalty, its primary obligation is to ensure that indigents are provided competent, effective counsel in capital cases,” White v. Board of County Comm’rs, 537 So.2d 1376, 1379 (Fla.1989), and that “all capital cases by their very nature can be considered extraordinary and unusual.” Id. at 1378. This Court has recognized the crucial role of counsel at all levels of capital proceedings:
However, the basic requirement of due process in our adversarial legal system is that a defendant be represented in court, at every level, by an advocate who represents his client zealously within the bounds of the law. Every attorney in Florida has taken an oath to do so and we will not lightly forgive a breach of this professional duty in any case; in a case involving the death penalty it is the very foundation of justice.
Wilson v. Wainwright, 474 So.2d 1162, 1164 (Fla.1985).
Id. at 330 n. 10. Justice Anstead’s observations in Arbelaez concerning the complexity of postconviction proceedings, the limited nature of the resources available to death row inmates, and the fact that counsel helps to ensure the quality of the review and our confidence in the outcome, *203 apply equally to death row inmates attempting to present their own postconviction appeals. See id. at 331-32. These same considerations and concerns support our conclusion that both the death-sentenced defendant and the justice system are best served by the requirement that capital defendants be represented by counsel in all postconviction appeals.
Based on our solemn duty to ensure that the death penalty is imposed in a fair, consistent, and reliable manner — as well as our administrative responsibility to work to minimize the delays inherent in the postconviction process — we hold that death-sentenced appellants may not appear pro se in postconviction appeals. Accordingly, Gordon’s motion to discharge counsel and appear pro se and appellate counsel’s motion for leave to withdraw are denied.[2]
It is so ordered.
PARIENTE, LEWIS, QUINCE, LABARGA, and PERRY, JJ., concur.
CANADY, C.J., dissents with an opinion, in which POLSTON, J., concurs.

. The State did not file a response to Gordon’s motion to discharge counsel and proceed pro se, or to counsel’s motion to withdraw.

. Gordon also moved to strike the appeal, which we understand to mean strike any briefs that have been filed. However, the briefs have not been filed in this case and Gordon's motion to strike the brief is moot. A briefing schedule for the parties will be issued by separate order.