PER CURIAM.
This matter is before the Court for consideration of amendments to the Florida Rules of Judicial Administration, the Florida Rules of Criminal Procedure, and the Florida Rules of Appellate Procedure, proposed by the Capital Postconviction Proceedings Subcommittee of the Criminal Court Steering Committee. We have jurisdiction. See art. V, § 2(a), Fla. Const.
This Court has previously stated a specific goal that capital postconviction proceedings in the trial court be concluded within two years from the filing of an initial postconviction motion. See In re: Circuit Court Death Penalty Postconviction Proceedings — Reporting and Processing Requirements, Fla. Admin. Order No. AOSC11-32 (Sept. 14, 2011). Consistent with this objective, the Capital Postconviction Proceedings Subcommittee undertook to determine the causes of delay in existing capital postconviction procedures and recommend solutions. Its proposed rule amendments in this case are intended to improve the overall efficiency of the capital postconviction process through, among other things, case management tools, new minimum qualifications for the lead attorney representing a defendant in a capital postconviction case, a new requirement that defendants in postconviction cases be represented by an attorney, and the application of realistic, meaningful time frames and deadlines. The proposals are also intended to encourage chief judges in each circuit, and trial judges assigned to capital postconviction cases, to engage in proactive case management, and to provide those judges with the tools to effectively manage capital cases.
BACKGROUND
In conjunction with the Florida Legislature’s enactment of the Timely Justice Act during the 2013 legislative session, see ch.2013-216, Laws of Fla., on March 22, 2013, the Court established the Capital Postconviction Proceedings Subcommittee (Subcommittee). See In re: Subcommittee on Capital Postconviction Proceedings, Fla. Admin. Order No. AOSC13-11 (Mar. 22, 2013). The Subcommittee was directed to “undertake a comprehensive review of *1172 capital postconviction proceedings, including Florida Rule of Criminal Procedure 3.851, and to make recommendations to the Court whether that rule, or any other rule, should be amended to improve the overall efficiency of the capital postconviction process.” Id. at 1.
Consistent with the Court’s direction, the Subcommittee has filed a petition to amend six rules impacting capital postcon-viction cases. According to the petition, the Subcommittee held several meetings and sought input from specific stakeholders identified in AOSC13-11 — the Criminal Court Steering Committee, the Criminal Procedure Rules Committee, the Office of Capital Collateral Regional Counsel, and the Office of the Attorney General. The Subcommittee surveyed twenty-six circuit court judges with significant experience in capital postconviction cases. It also heard input from the Appellate Court Rules Committee, the Florida Prosecuting Attorneys Association, the Florida Public Defender Association, the Florida House of Representatives, the Governor’s Office, and the Clerk of the Florida Supreme Court. The Subcommittee indicates that the overwhelming consensus from these groups is that the existing rules governing the capital postconviction process generally work well, and that a complete overhaul of those rules is not necessary. It recommends amendments to six rules: Florida Rules of Judicial Administration 2.215 (Trial Court Administration) and 2.535 (Court Reporting); Florida Rules of Criminal Procedure 3.112 (Minimum Standards for Attorneys in Capital Cases), 3.851 (Collateral Relief After Death Sentence has been Imposed and Affirmed on Direct Appeal), and 3.852 (Capital Postconviction Public Records Production); and Florida Rule of Appellate Procedure 9.142 (Proee-dures for Review in Death Penalty Cases). The Subcommittee also proposes four new case management orders to assist circuit court judges in managing capital postcon-viction cases.
After the Subcommittee filed its petition, the Court published the proposed amendments for comment. The Court received comments from six groups: the Florida Attorney General; the Criminal Law Section of The Florida Bar; the Criminal Procedure Rules Committee; the Florida Prosecuting Attorneys Association; Capital Collateral Regional Counsels for the Southern and Middle Regions of Florida; and the Florida Public Defender Association. The Subcommittee also received an additional comment from Judge Chris W. Altenbernd, of the Second District Court of Appeal. The Subcommittee filed a response addressing all seven comments; in some instances, the response includes revised rule proposals.[1] The Court heard oral argument on the proposed amendments.
We have considered the Subcommittee’s proposals and revised proposals, the comments provided, and the issues raised at oral argument. As discussed in this opinion, we defer to the expertise of the Subcommittee and adopt most of the proposed amendments, with some modifications. However, we decline to adopt the proposed amendment to Rule of Criminal Procedure 3.851(d)(2) (Time Limitation). We discuss the more significant rule amendments below.
AMENDMENTS
The Florida Rules of Judicial Administration
First, Rule of Judicial Administration 2.215 (Trial Court Administration) is *1173 amended to provide that the chief judge in a circuit shall monitor the status of all postconviction or collateral relief proceedings for defendants sentenced to death, beginning at the time this Court issues the mandate affirming the death sentence. Additionally, capital postconviction cases are added to the list of “priority cases” in subdivision (g) (Duty to Expedite Priority Cases) that should be expedited to the extent reasonably possible.
We also amend Rule of Judicial Administration 2.5B5 (Court Reporting), as proposed, to prohibit the use of digital court reporting as the primary court reporting system in trials where the state seeks the death penalty or in capital postconviction proceedings. The Subcommittee indicates its goal is that the circuit courts will use real-time transcription services to the extent possible.
The Florida Rules of Criminal Procedure
In the Rules of Criminal Procedure, rule 3.112 (Minimum Standards for Attorneys in Capital Cases), is amended to add new subdivision (k) (Qualifications of Lead Counsel in Capital Postconvietion Proceedings), which provides minimum qualifications for the attorney serving as lead counsel for the defendant in a capital post-conviction case. Specifically, the lead attorney must have been a member of any state Bar for at least five years, and must have at least three years of experience with postconviction litigation. Additionally, the lead counsel must have participated in a total of five proceedings in any of the following categories: (a) capital trials; (b) capital sentencings; (c) capital postconviction evidentiary hearings; (d) capital collateral postconviction appeals; or (e) capital federal habeas corpus proceedings. At least two of the five proceedings must have been capital postconviction evidentia-ry hearings or postconviction appeals, or federal habeas proceedings.
With regard to these new minimum qualifications, Capital Collateral Regional Counsel urges the Court to require that the lead postconviction attorney have experience in handling federal habeas petitions. While we share Capital Collateral Regional Counsel’s concern that a significant number of attorneys in Florida have apparently failed to meet federal filing deadlines in recent years, we ultimately defer to the Subcommittee and adopt new subdivision (k) as proposed. We believe the Subcommittee’s proposal strikes the appropriate balance between requiring that attorneys have relevant experience, and adopting qualifications standards so stringent that it may prove difficult to find qualified lead counsel in some circuits.
We also note that the qualifications in rule 3.112(k) are intended to apply only to the lead attorney handling a defendant’s postconviction case; attorneys that do not meet the new requirements are still permitted to assist the lead attorney in the representation. As provided in rule 3.112(c) (Applicability), the requirements in new subdivision (k) will apply to attorneys who are appointed or retained on or after April 1,2015.
Next, we make a number of amendments to Rule of Criminal Procedure 3.851 (Collateral Relief After Death Sentence has been Imposed and Affirmed on Direct Appeal).
First, and perhaps most significantly, we add new subdivision (b)(6) (Appointment of Postconviction Counsel) to rule 3.851 to provide that a defendant who has been sentenced to death may not represent himself or herself in a capital post-conviction case in state court; he or she must be represented by an attorney. Indeed, the only basis on which a defendant may seek to dismiss counsel is pursuant to statute due to an actual conflict, or pursuant to rule 3.851(i) (Dismissal of Postcon- *1174 viction Proceedings). A defendant sentenced to death does not have a right to self-representation on direct appeal under either the United States or Florida Constitutions, and we have previously held that we will not accept pro se filings in direct appeals in capital cases. See Davis v. State, 789 So.2d 978, 980-81 (Fla.2001); see also Martinez v. Court of Appeal of Cal, 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000). We have also held that defendants sentenced to death may not appear pro se in any postconviction appeals. See Gordon v. State, 75 So.3d 200, 202 (Fla.2011). In adopting the Subcommittee’s proposal, we now extend the prohibition against self-representation to include postconviction proceedings in the trial court. We agree with the Subcommittee that this change is consistent with our overarching goal to provide a fair and reliable postconviction process. As we stated in Gordon, “[w]e recognize that “we have a constitutional responsibility to ensure the death penalty is administered in a fair, consistent and rehable manner, as well as having an administrative responsibility to work to minimize the delays inherent in the postconviction process’ ” and we believe these principles are best served when defendants in postconviction proceedings are represented by counsel. Id. (citing Arbelaez v. Butterworth, 738 So.2d 326, 326-27 (Fla.1999)). This new provision shall apply to all postconviction motions filed on or after January 1, 2015.
Next, subdivision (c)(1) (Preliminary Procedures; Judicial Assignment and Responsibilities) of rule 3.851 is amended to provide that the judge assigned to a capital postconviction case is responsible for case management in order to ensure compliance ■with statutes, rules, and administrative orders that impose processing steps, time deadlines, and reporting requirements. Beginning from the time of the assignment, the judge must issue case management orders for every step of the capital postconviction process. We also amend subdivision (c)(4) (Preliminary Procedures; Duties of Defense Counsel) to require a defendant’s trial attorney to provide post-conviction counsel with a copy of his or her original file, including all work product not otherwise subject to a protective order and all information pertaining to the case that was created and obtained during the representation. As we stated in Long v. Dillinger, 701 So.2d 1168, 1169 (Fla.1997), an attorney’s original file is the property of the attorney, and the attorney is not required to surrender the original file to collateral counsel. However, collateral counsel is permitted to view and inspect the trial attorney’s entire original file, and may obtain a copy of the file, at collateral counsel’s expense.
In subdivision (d)(2) (Time Limitation) of rule 3.851, the Subcommittee proposed new time limits to bring successive post-conviction motions alleging newly discovered evidence or claims involving retroactive application of a newly announced rule of constitutional law. Currently, our case law provides that successive postconviction motions alleging newly discovered evidence must be filed within one year after the new facts were discovered. See, e.g., Jimenez v. State, 997 So.2d 1056, 1064 (Fla.2008) (“To be considered timely filed as newly discovered evidence, the successive rule 3.851 motion was required to have been filed within one year of the date upon which the claim became discoverable through due diligence.”). The Subcommittee’s revised proposal would require that these claims be raised within 180 days; it would also require that claims based on a new fundamental constitutional right must be brought within 180 days after issuance of the mandate of the decision announcing retroactivity. Capital Collateral Regional Counsel objects to the new time frames, arguing that the time limits are too restrictive and will place a significant strain on *1175 their resources. Based on these comments, and the discussion at oral argument, we decline to adopt the Subcommittee’s new time frames in subdivision (d)(2).
Subdivision (e) (Contents of Motion) of rule 3.851 is amended to provide new requirements for organizing an initial post-conviction motion. We have modified the Subcommittee’s revised proposal to provide that each claim or subclaim in the motion shall be separately pled and sequentially numbered. Also in subdivision (e), we eliminate the requirement that capital postconviction motions be filed under oath. The rule now requires that the post-conviction motion contain a certification from the attorney filing it that he or she discussed the contents of the motion fully with the defendant, that the attorney has complied with Rule Regulating the Florida Bar 4 — 1.4,[2] and that the motion is filed in good faith. We agree with the Subcommittee that this provision should be sufficient to ensure that postconviction motions will be presented in good faith, and contain no frivolous or meritless claims.
Next, we amend subdivision (f) (Procedure; Evidentiary Hearing; Disposition) of rule 3.851 to: require that a motion to amend a postconviction motion must be filed at least forty-five days before the evidentiary hearing; provide that the trial judge shall conduct an evidentiary hearing on a successive postconviction motion within ninety days (rather than sixty days) after a case management conference; authorize the trial court to take witness testimony at the hearing by “contemporaneous video communication equipment,” with or without the consent of any party; and direct that the transcripts of the evidentia-ry hearing shall be filed within ten days if real-time transcription was used, or forty-five days if real-time transcription was not used. We also amend subdivision (f) to authorize the trial court to accept written closing arguments from the parties. The written arguments must be filed by both parties within thirty days of the filing of the transcript, they shall conform to the requirements for a brief, they shall not exceed sixty pages in length without leave from the trial court, and they shall include proposed findings of fact and conclusions of law. If the trial court does permit written closing arguments, it shall render its final order within thirty days after the filing of the last written closing argument, and no later than sixty days from the filing of the transcript; if the court does not permit written closing arguments, the final order shall be rendered within thirty days after the filing of the transcript. Subdivision (f) is further amended to require that all expert witnesses who will testify at the evidentiary hearing must submit written reports that will be disclosed to opposing counsel. Additionally, the subdivision is amended to provide that the trial court shall enter an order on any motion for rehearing within thirty days (rather than fifteen days); if the court does not render an order on rehearing in thirty days, the motion is deemed denied.
Lastly in rule 3.851, we add a new subdivision (j) (Attorney General Notification to Clerk), which requires the Attorney General to notify the Clerk of this Court when it believes a defendant has completed his or her direct appeal, initial postconviction proceedings in state court, and habeas cor *1176 pus proceedings and appeal in federal court, and to serve a copy of the notification on the defendant’s counsel. This new rule is intended to assist the Clerk of this Court in complying with section 922.052, Florida Statutes (2013).[3]
Turning next to Rule of Criminal Procedure 3.852 (Capital Postconviction Public Records Production), we amend the rule as proposed by the Subcommittee, with some modifications, in an effort to streamline the public records production process. In subdivision (d) (Action Upon Issuance of Mandate), we have revised the Subcommittee’s proposed amendment to provide that the Attorney General shall make a good faith effort to assist in the timely production of public records. Similarly, we have revised the Subcommittee’s proposal in subdivision (e) (Action Upon Receipt of Notice of Mandate) to require the state attorney to make a good faith effort to assist in the timely production of public records.
Also in rule 3.852, new subdivision (f)(3) (Exempt or Confidential Public Records) requires collateral counsel to file a motion for an in camera inspection of sealed records within thirty days after receiving notice of delivery of the records to the central records repository. If the motion is not timely filed, the in camera inspection will be deemed waived. We also amend subdivision (g) (Demand for Additional Public Records) to provide that the trial court shall hear and rule on any objection to a demand for additional public records no later than the next ninety-day status conference.
The Florida Rules of Appellate Procedure
We amend Florida Rule of Appellate Procedure 9.142(a)(1)(B) (Procedures for Review in Death Penalty Cases; Procedure in Death Penalty Appeals; Record) to provide that the clerk of the trial court shall retain a copy of the complete record when it transmits the record to this Court on appeal.
Case Management Orders
As noted, the Subcommittee also proposes four new form case management orders. Each of the four orders outlines the responsibilities of the relevant participants and the actions each is required to take. The first order is to be used following the chief judge’s assignment of a trial judge to preside in a capital postconviction proceeding; the second order would be used following the United States Supreme Court’s disposition of the petition for writ of cer-tiorari, or after expiration of the time to file a certiorari petition; the third order is designed for use after the defendant files his or her initial postconviction motion; and the fourth order is to be used following the case management conference. While we authorize these four form orders for use, we express no opinion as to their correctness. The Subcommittee indicates that the orders will be posted to the Court’s Educational Resources for Judges and Lawyers website, and distributed to judges at the annual “Handling Capital Cases” course and refresher course.
CONCLUSION
We wish to thank the Subcommittee for its diligent and thorough work to improve the quality and efficiency of the capital *1177 postconviction process in this state. We also thank those who submitted comments in this matter for their valuable input. Additionally, we would like to acknowledge the excellent work of the trial courts, which have taken steps to ensure that capital postconviction cases are timely processed, consistent with the goals stated in In re Circuit Court Death Penalty Post-conviction Proceedings — Reporting and Processing Requirements, Fla. Admin. Order No. AOSC11-32.
Accordingly, we amend the Florida Rules of Judicial Administration, the Florida Rules of Criminal Procedure, and the Florida Rules of Appellate Procedure as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective on January 1, 2015, at 12:01 a.m., except that the new minimum qualifications in Rule of Criminal Procedure 3.112(k) will apply to attorneys appointed or retained on or after April 1, 2015.
It is so ordered.
LABARGA C.J., and PARIENTE, QUINCE, and PERRY, JJ., concur.
LEWIS, J., concurs with an opinion.
CANADY, J., concurs in part and dissents in part with an opinion in which POLSTON, J., concurs.

. The Court also received a supplemental comment and a Notice of Supplemental Authority from Capital Collateral Regional Counsel South. The Subcommittee filed a response to the supplemental comment.

. Rule Regulating the Florida Bar 4-1.4 requires a lawyer to promptly inform the client of any decision or circumstance that requires the client’s informed consent; to reasonably consult with the client about how to accomplish the client's objectives; to keep the client reasonably informed about the status of the ease; to promptly comply with the client’s reasonable requests for information; to consult with the client about any relevant limitation on the lawyer’s conduct; and to explain a matter to the client to the extent necessary to permit the client to make informed decisions.

. In the Timely Justice Act, the Florida Legislature amended section 922.052, Florida Statutes, to require the Clerk of this Court to inform the Governor when a person convicted and sentenced to death has completed his or her direct appeal and initial postconviction proceedings in state court, as well as his or her habeas corpus proceedings and appeal in federal court. See Ch.2013-216, § 12, Laws of Fla.