# Supreme Court of Florida

_____

No. SC14-1977

_____

## IN RE: AMENDMENTS TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.851.

[January 29, 2015]

PER CURIAM.

This matter is before the Court for consideration of an amendment to Florida Rule of Criminal Procedure 3.851 (Collateral Relief After Death Sentence has Been Imposed and Affirmed on Direct Appeal) proposed by the Capital Postconviction Proceedings Subcommittee of the Criminal Court Steering Committee (Subcommittee). We have jurisdiction[1] and amend rule 3.851 as proposed.

The Subcommittee asks the Court to amend subdivision (g)(2) (Incompetence to Proceed in Capital Collateral Proceedings) of rule 3.851

_____

1. See art. V, § 2(a), Fla. Const.

consistent with the amendment to subdivision (e)(1) (Contents of Motion; Initial

Motion) of the rule recently adopted in In re Amendments to Florida Rules of

Judicial Administration; Florida Rules of Criminal Procedure; & Florida Rules of

Appellate Procedure—Capital Postconviction Rules, 148 So. 3d 1171 (Fla. 2014).

The amendment to subdivision (e)(1) "eliminate[d] the requirement that capital

postconviction motions be filed under oath." See id. at 1175. Consistent with the

amendment to subdivision (e)(1), we remove the reference to the "signed oath by

the defendant that otherwise must accompany a motion filed under [rule 3.851]" in

subdivision (g)(2) by deleting the last sentence of that subdivision.

Accordingly, we amend Florida Rule of Criminal Procedure 3.851 as set

forth in the appendix to this opinion. The deletion is indicated by struck-through

type. The amendment shall become effective immediately upon the release of this

opinion. Because the amendment was not published for comment prior to its

adoption, interested persons shall have sixty days from the date of this opinion in

which to file comments with the Court.[2]

---

2. All comments must be filed with the Court on or before March 30, 2015, with a certificate of service verifying that a copy has been served on the Subcommittee Chair, Honorable Kevin M. Emas, Third District Court of Appeal, Miami, Florida 33175, emask@flcourts.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Subcommittee Chair has until April 20, 2015, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re Electronic Filing in the

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceedings – Florida Rules of Criminal Procedure

Judge Kevin M. Emas, Chair, Capital Postconviction Proceedings Subcommittee, Miami, Florida, and Bart Neil Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

　　　for Petitioner

---

Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

# APPENDIX

**RULE 3.851.** **COLLATERAL RELIEF AFTER DEATH SENTENCE HAS BEEN IMPOSED AND AFFIRMED ON DIRECT APPEAL**

**(a) – (f)** **[No change]**

**(g)** **Incompetence to Proceed in Capital Collateral Proceedings.**

(1) [No change]

(2) Collateral counsel may file a motion for competency determination and an accompanying certificate of counsel that the motion is made in good faith and on reasonable grounds to believe that the death-sentenced defendant is incompetent to proceed. ~~The motion and certificate shall replace the signed oath by the defendant that otherwise must accompany a motion filed under this rule.~~

(3) – (13) [No change]

**(h) – (j)** **[No Change]**

**Court Commentary**

**[No change]**

**Criminal Court Steering Committee Commentary**

**[No change]**