# Supreme Court of Florida

No. SC21-537

**IN RE: AMENDMENTS TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.851 AND FLORIDA RULE OF APPELLATE PROCEDURE 9.142.**

May 5, 2022

PER CURIAM.

This matter is before the Court for consideration of amendments on the Court's own motion to Florida Rule of Criminal Procedure 3.851 (Collateral Relief After Death Sentence Has Been Imposed and Affirmed on Direct Appeal) and Florida Rule of Appellate Procedure 9.142 (Procedure for Review in Death Penalty Cases).[1] Upon consideration of the comments and oral argument in this case, we amend these rules to reflect, among other things, that a capital defendant may waive pending postconviction proceedings but not postconviction counsel, and that a subsequent

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

postconviction motion is allowable to raise certain specified claims after a waiver of pending postconviction proceedings.

Florida Rule of Criminal Procedure 3.851(b)(6) unequivocally provides that a capital defendant may not represent him or herself in state postconviction proceedings. At the time that provision was adopted, we made clear that the only basis on which a defendant could seek to discharge counsel was pursuant to statute based upon an actual conflict, or in the context of dismissing postconviction proceedings pursuant to rule 3.851(i). *In re Amends. to Fla. Rules of Jud. Admin.; Fla. Rules of Crim. Proc.; & Fla. Rules of App. Proc.—Cap. Postconviction Rules*, 148 So. 3d 1171, 1173-74 (Fla. 2014).

Subsequently, in *Davis v. State*, 257 So. 3d 100, 107 (Fla. 2018), in what presented an atypical situation because Davis only sought to waive his postconviction proceedings, we rejected the State's argument "that the postconviction court should not have allowed counsel to remain on Davis's case because the postconviction waiver necessarily included a waiver of counsel and all future claims." Rather, the Court stated in pertinent part that "*a defendant has the right to enter a waiver to some or all postconviction*

*claims*" and should be permitted to "retain counsel for future claims, if any, related to his execution." *Id.* at 107-08 (emphasis added). The Court further noted that

> [t]his case indicates that the language of rule 3.851(i) may be inconsistent with this Court's case law in two ways. First, the rule may not have contemplated partial waivers, such as here, where the defendant does not seek to waive both postconviction proceedings *and* counsel. Second, this Court's case law has interpreted waivers as encompassing all postconviction claims, possible future changes in the law, and execution-related challenges, despite the rule providing for the waiver of only "pending" claims. As a result, we refer this matter to the Criminal Court Steering Committee to consider possible revisions to rule 3.851(i).

*Id.* at 107 n.8.

Following that referral by the Court, the Florida Supreme Court's Criminal Court Steering Committee (Steering Committee) filed its petition proposing to amend rules 3.851 and 9.142 based upon the Court's direction to the Steering Committee to propose amendments to rule 3.851 in accordance with the Court's decision in *Davis*. Upon review of the Steering Committee's proposals to amend rules 3.851 and 9.142, the Court declined to adopt the proposed amendments and instead decided to consider amendments to those rules on its own motion. *In re Amends. to Fla.*

- 3 -

*Rule of Crim. Proc. 3.851 & Fla. Rule of App. Proc. 9.142*, No. SC19-509, 2021 WL 1545796 (Fla. Apr. 20, 2021). We now amend rules 3.851 and 9.142 to clarify the permissible scope of waiver in capital postconviction proceedings and briefly discuss the more significant amendments to the rules as adopted by the Court.

First, the amendment to rule 3.851(b)(6) makes clear that the only basis for a capital defendant to seek to discharge postconviction counsel in state court is pursuant to statute due to an actual conflict of interest, which, if granted, will result in the appointment of conflict-free counsel. This provision is consistent with the first sentence in subdivision (b)(6) providing that "[a] defendant who has been sentenced to death may not represent himself or herself in a capital postconviction proceeding in state court."

Next, the provisions under subdivision (i) are revised to reflect that any waiver is limited to dismissal of postconviction proceedings, and does not include the discharge of counsel, as indicated in the title to the subdivision. In subdivision (i)(6), the references to *Durocher v. Singletary*, 623 So. 2d 482 (Fla. 1993), and *Faretta v. California*, 422 U.S. 806 (1975), are removed because

- 4 -

those cases pertain to the waiver of counsel and self-representation, which these amendments make clear is not permitted in capital postconviction cases. In addition, as part of the waiver colloquy under subdivision (i)(6), the circuit court must ascertain whether the defendant is also waiving appellate review of any order finding that the waiver of the postconviction proceedings and claims is knowing, intelligent, and voluntary. In subdivisions (i)(6)-(i)(8), the term "intelligently" is substituted for "freely," as the inquiry already includes the term "voluntarily," which better reflects the requirements for waiver. Subdivision (i)(7) also is amended to provide that the order of dismissal should reflect whether appellate review has been waived, and the portion addressing the procedure if the circuit court determines that the waiver is not valid is separated into a new subdivision (i)(8). Accordingly, former subdivisions (i)(8) and (i)(9) are renumbered. Finally, new subdivision (i)(11) provides that collateral counsel must be appointed in cases for which motions under subdivision (i) were granted prior to the effective date of these amendments, i.e., where counsel was previously discharged. As always, postconviction counsel must meet the minimum requirements set forth in Florida Rule of Criminal

Procedure 3.112 (Minimum Standards for Attorneys in Capital Cases) and should be appointed within thirty days of the effective date of these amendments.

A new entry is added to the Court Commentary to rule 3.851, which provides that after a waiver of pending postconviction proceedings under the 2022 amendment, a subsequent postconviction motion is allowable as provided by subdivision (d)(2)(A), which allows for claims based on newly discovered evidence, or subdivision (d)(2)(B), which allows for claims that are based on a newly established fundamental constitutional right previously held to apply retroactively. The comment also provides that a subsequent postconviction motion is allowable if it raises execution-related claims considered not to be ripe until such time as a warrant for execution is signed, including, for example, challenges to execution protocols or competency to be executed, as such claims are not waivable.

Lastly, pertaining to rule 9.142, subdivision (d) is amended to expressly provide that review of the dismissal of the postconviction proceedings does not apply if the appeal was waived before the

circuit court, and to remove any reference to the "discharge" or "discharging" of counsel.

Accordingly, we amend the Florida Rules of Criminal Procedure and the Florida Rules of Appellate Procedure as reflected in the appendix to this opinion. New language is underscored; deleted language is stricken through. The amendments to these rules shall become effective immediately upon the release of this opinion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Criminal Procedure and Florida Rules of Appellate Procedure

Alan S. Apte, Chair, on behalf of the Criminal Procedure Rules Committee, Orlando, Florida, and Deborah Michelle Sisco, Vice Chair, on behalf of the Criminal Procedure Rules Committee, Tampa, Florida; Laura A. Roe, Chair, on behalf of the Appellate Court Rules Committee, St. Petersburg, Florida; Jason B. Blank of Haber Blank, LLP, Fort Lauderdale, Florida, and Maria DeLiberato of Parmer DeLiberato, P.A., on behalf of the Criminal Law Section of The Florida Bar, Tampa, Florida; Debra J. Riva, Chair, on behalf of the Criminal Court Steering Committee, Sarasota, Florida, and Bart Schneider, Liaison, on behalf of the Criminal Court Steering Committee, Tallahassee, Florida; Joshua E. Doyle, Executive Director, Krys Godwin and Mikalla Andies Davis, Staff Liaisons, The

Florida Bar, Tallahassee, Florida; Carali McLean and Gayle Giese on behalf of the Florida Mental Health Advocacy Coalition, National Alliance on Mental Illness, and Mental Health America, Ocala, Florida; Neal A. Dupree, Suzanne Keffer, and Michael Chance Meyer on behalf of the Capital Collateral Regional Counsel – South Region, Fort Lauderdale, Florida; Linda McDermott on behalf of the Office of the Federal Public Defender for the Northern District of Florida – Capital Habeas Unit, Tallahassee, Florida; Kathryn M. Horst and Philip A. Fowler on behalf of the Florida Department of Corrections, Tallahassee, Florida; Katherine Fernandez Rundle and Christine Zahralban of the Office of the State Attorney for the Eleventh Judicial Circuit, Miami, Florida; Ed Brodsky, State Attorney, Twelfth Judicial Circuit, Sarasota, Florida, Jack Campbell, State Attorney, Second Judicial Circuit, Tallahassee, Florida, Amira Fox, State Attorney, Twentieth Judicial Circuit, Fort Myers, Florida, and Brian Haas, State Attorney, Tenth Judicial Circuit, on behalf of the Florida Prosecuting Attorneys Association, Bartow, Florida; Charmaine M. Millsaps, Tallahassee, Florida; and Jason Cromey on behalf of the Florida Association of Criminal Defense Lawyers, Pensacola, Florida,

Responding with comments

**RULE 3.851    COLLATERAL RELIEF AFTER DEATH SENTENCE HAS BEEN IMPOSED AND AFFIRMED ON DIRECT APPEAL**

**(a)    [No Change]**

**(b)    Appointment of Postconviction Counsel.**

(1)-(5)     [No Change]

(6)  A defendant who has been sentenced to death may not represent himself or herself in a capital postconviction proceeding in state court. The only ~~bases~~basis for a defendant who has been sentenced to death to seek to ~~dismiss~~discharge postconviction counsel in state court ~~shall~~must be pursuant to statute due to an actual conflict of interest ~~or subdivision (i) of this rule~~.  Upon a determination of an actual conflict of interest, conflict-free counsel must be appointed pursuant to statute.

**(c)-(h)     [No Change]**

**(i)    Dismissal of Postconviction Proceedings.**

(1)  This subdivision applies only when a defendant seeks ~~both~~ to dismiss pending postconviction proceedings ~~and to discharge collateral counsel~~.

(2)-(5)     [No Change]

(6)  If the defendant is found to be competent for purposes of this rule, the court ~~shall~~must conduct a complete (~~*Durocher/Faretta*~~)inquiry to determine whether the defendant knowingly, ~~freely~~intelligently, and voluntarily wants to dismiss pending postconviction proceedings ~~and discharge collateral counsel~~.  The colloquy must also address whether the

defendant wants to waive appellate review of the dismissal of postconviction proceedings, if granted.

(7) If the court determines that the defendant has made the decision to dismiss pending postconviction proceedings ~~and discharge collateral counsel~~ knowingly, ~~freely~~intelligently, and voluntarily, the court ~~shall~~must enter an order dismissing all pending postconviction proceedings ~~and~~ ~~discharging collateral counsel~~. The order must also indicate whether appellate review has been waived.

(8) ~~But i~~If the court determines that the defendant has not made the decision to dismiss pending postconviction proceedings ~~and discharge collateral counsel~~ knowingly, ~~freely~~intelligently, and voluntarily, the court ~~shall~~must enter an order denying the motion without prejudice.

(~~8~~9) If the court grants the motion and appellate review is not waived:

(A) a copy of the motion, the order, and the transcript of the hearing or hearings conducted on the motion ~~shall~~must be forwarded to the Clerk of the Supreme Court of Florida within 30 days; and

(B) ~~discharged~~ collateral counsel ~~shall~~must, within 10 days after issuance of the order, file with the clerk of the circuit court 2 copies of a notice seeking review in the Supreme Court of Florida, and ~~shall~~must, within 20 days after the filing of the transcript, serve an initial brief. ~~Both the defendant and t~~The state may serve a responsive brief~~s~~. Briefs ~~shall~~must be served as prescribed by rule 9.210.

(~~9~~10) If the court denies the motion, the defendant may seek review as prescribed by Florida Rule of Appellate Procedure 9.142(~~b~~c).

- 10 -

(11) For cases where counsel was previously discharged pursuant to this rule, collateral counsel eligible pursuant to rule 3.112 must be appointed within thirty days of May 5, 2022.

**(j)** **[No change]**

## Court Commentary

**1993 Adoption–2013 Amendment [No change]**

**2022 Amendment.** The amendments are in response to the Court's decision in *Davis v. State*, 257 So. 3d 100, 107 n.8 (Fla. 2018), recognizing the discrepancy between rule 3.851(i) and the Court's case law. The dismissal of a pending postconviction motion pursuant to subdivision (i) does not preclude the filing of a subsequent postconviction motion raising for the first time claims that could be raised under rule 3.851(d)(2)(A), which allows for claims based on newly discovered evidence, or rule 3.851(d)(2)(B), which allows for claims that are based on a newly established fundamental constitutional right previously held to apply retroactively, and claims that are only ripe at the time of issuance of a warrant, such as competency to be executed and challenges to execution protocols.

**Criminal Court Steering Committee Note
[No change]**

**RULE 9.142    PROCEDURE FOR REVIEW IN DEATH PENALTY CASES**

**(a)-(c)  [No changes]**

**(d)  Review of Dismissal of Postconviction Proceedings ~~and Discharge of Counsel~~ in Florida Rule of Criminal Procedure 3.851(i) Cases.**

(1)  *Applicability.* This rule applies when the circuit court enters an order dismissing postconviction proceedings ~~and discharging counsel~~ under Florida Rule of Criminal Procedure 3.851(i), unless the appeal was waived by the defendant before the circuit court.

(2)  *Procedure Following Rendition of Order of Dismissal ~~and Discharge~~.*

(A) **Notice to Lower Tribunal.** Within 10 days of the rendition of an order granting a prisoner's motion to dismiss the motion for postconviction relief ~~motion to discharge counsel and dismiss the motion for postconviction relief~~, ~~discharged~~ counsel ~~shall~~must file with the clerk of the circuit court a notice of appeal seeking review in the supreme court.

(B) **Transcription.** The circuit judge presiding over any hearing on a motion to dismiss ~~and discharge counsel shall~~must order a transcript of the hearing to be prepared and filed with the clerk of the circuit court no later than 25 days from rendition of the final order.

(C) **Record.** Within 30 days of the granting of a motion to dismiss ~~and discharge counsel~~, the clerk of the circuit court ~~shall~~must electronically transmit a copy of the motion, order, and transcripts of all hearings held on the motion to the clerk of the supreme court.

(D) **Proceedings in the Supreme Court of Florida.**  Within 20 days of the filing of the record in the supreme court, ~~discharged~~ counsel ~~shall~~must serve an initial brief.  ~~Both t~~The state ~~and the prisoner~~ may serve a responsive brief~~s~~.  All briefs must be served and filed as prescribed by rule 9.210.

- 12 -

**Committee Notes**
**[No change]**

**Criminal Court Steering Committee Note**
**[No change]**